**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **WOLF RUN HOLLOW, LLC,**<br><br>              **Plaintiff,**<br><br>   v.<br><br>**TARGET CORPORATION,**<br><br>             **Defendant.** | **Civil Action No. 2:14-cv-64**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Wolf Run Hollow, LLC. ("Wolf Run" or "Plaintiff") makes the following allegations against Target Corporation ("Target" or "Defendant"):

## PARTIES

1. Plaintiff Wolf Run is a Texas limited liability company having a principal place of business of 719 West Front Street, Suite 174, Tyler, Texas 75702.

2. Defendant Target Corporation ("Target") is a Minnesota company with its Corporate Headquarters at 1000 Nicollet Mall, Minneapolis, MN 55403. Defendant engages in business in Texas and may be served with process by serving their registered agent C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## JURISDICATION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 (b), (c), (d) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,115,817

6. Plaintiff is the owner by assignment of United States Patent No. 6,115,817 entitled *"Methods and Systems for Facilitating Transmission of Secure Messages Across Insecure Networks"* (the "'817 patent"). A true and correct copy of the '817 Patent is attached as Exhibit A.

7. Upon information and belief, Defendant has been and is now infringing the '817 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems and providing methods practiced on Defendant's various websites (including, without limitation, http://www.target.com and related internal systems supporting the operation of said websites) covered by one or more claims of the '817 Patent to the injury of Wolf Run.  Defendant is directly infringing, literally infringing, and infringing the '817 Patent under the doctrine of

equivalents. Defendant is thus liable for infringement of the '817 Patent pursuant to 35 U.S.C. § 271(a).

8. Defendant has also been inducing infringement of the '817 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) by intentionally and knowingly inviting and instructing the users of websites supported by Defendant's software to perform the claimed methods and by supplying software modules or components used to directly infringe.

9. Defendant has also been contributing to the infringement of the '817 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by selling or offering to sell in the United States the software that powers the accused websites with knowledge that the software is especially made or adapted for use in a way that infringes. The software that Defendant provides is a significant part of the inventions of the claims of the '817 Patent and has no significant non-infringing use.

10. On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '817 Patent complied with any such requirements.

11. Defendant is willfully and intentionally infringing the '817 Patent from at least the date of the filing of this law suit.

12. Plaintiff is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to these Defendant.

13. Defendant is wilfully infringing the '817 Patent at least from the date of the filing of this Complaint; to the extent that facts learned in discovery show that Defendant's infringement of the '817 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

14. As a result of Defendant's infringement of the '817 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for

Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

15. Unless a permanent injunction is issued enjoining Defendant and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '817 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '817 Patent;

2. A permanent injunction enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '817 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest and treble damages for Defendant's infringement of the '817 Patent as provided under 35 U.S.C. § 284 and 35 U.S.C. § 285, and an accounting of ongoing post-judgment infringement;

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

DATED February 6, 2014.                          Respectfully submitted,

                                                 By: */s/ Austin Hansley*
                                                 **AUSTIN HANSLEY P.L.L.C.**

Austin Hansley  
Texas Bar No.: 24073081  
5050 Quorum Dr. Suite 700  
Dallas, Texas 75254  
Telephone:     (469) 587-9776  
Facsimile:      (855) 347-6329  
Email: Austin@TheTexasLawOffice.com  
www.TheTexasLawOffice.com  
**ATTORNEY FOR PLAINTIFF WOLF RUN HOLLOW, LLC.**